32 C.C.P.A.(Patents)

## ULLSTRAND v. COONS.

### Patent Appeal No. 4949.

Court of Customs and Patent Appeals.

Feb. 7, 1945.

Oliver Titcomb, of New York City, for appellant.

Richard R. Fitzsimmons, of Chicago, Ill. (Harry S. Demaree, of Chicago, Ill., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal by Ullstrand from an award of priority to Coons in a decision of the Board of Interference Examiners of the United States Patent Office in an interference proceeding.

The single count in issue is claim 1 of the patent to Ullstrand, No. 2,215,674, granted September 24, 1940, on an application filed January 4, 1938, and claim 12 of the reissue application of Coons.

Appellee Coons is involved in the interference on his pending application, Serial No. 373,970, filed January 10, 1941, for reissue of patent No. 2,178,870, granted November 7, 1939, on an application filed August 8, 1936, Serial No. 94,934.

The Primary Examiner and the Board of Interference Examiners both held that appellee had the right to make the claim constituting the count of the interference, and thus on the record before this court appellant is the junior party with concurring decisions of the Patent Office against him.

The reasons of appeal relate solely to the right of appellee to make the claim constituting the count of the interference.

The count reads:

"1. In an absorption refrigerating system, a generator, a rectifier, an absorber, and a vapor liquid lift for causing circulation of absorption liquid between said generator and absorber, said rectifier being arranged for cooling thereof by absorption liquid flowing toward the said generator, *and said lift being connected to said absorber and said rectifier and said generator to receive liquid from both said absorber and rectifier, and vapor from said generator.*" (Italics ours)

Appellant contends that the limitations called for by the count, "and said lift being connected to said absorber and said rectifier and said generator to receive liquid from both said absorber and rectifier, and vapor from said generator," distinguish appellant's patent from appellee's reissue application and deprive appellee of the right to make the claim constituting the count of the interference. The remaining elements of the count are uncontroverted.

In this controversy, both appellant and appellee provide structure for circulating absorption solution in a refrigeration system, which includes a generator, a rectifier, an absorber, and a vapor liquid lift, such elements being connected to one another by conduits to form a circuit through which the absorption solution flows in a continuous cycle.

Appellant's patent discloses a vapor liquid lift formed by a pump intervening between two vessels at the lower and upper ends of the pump, through which absorbent liquid is conveyed from one vessel to the other, and an absorber which, he states, comprises, among other things, a "sump or pot." Appellant further states that the lower vessel of the lift is connected to the absorber through the "sump or pot" by a conduit which carries the absorption liquid from the absorber to the lower vessel of the lift.

The lower vessel of the lift is connected to the rectifier by a conduit to receive rectified vapor from the rectifier.

The upper vessel of the lift is connected to the generator by a conduit which delivers liquid through the rectifier to the generator. The generator is connected to the lower vessel of the lift by a conduit which delivers vapor to the rectifier, and by a conduit from the rectifier to the lower vessel of the lift.

Appellee's reissue application discloses the vapor liquid lift connected directly to the generator from which the lift receives refrigerant vapor. The lift is connected to the absorber by an elongated U-shaped conduit through which the absorber receives liquid from the lift.

The absorber is connected to the rectifier by a conduit to the outer jacket of the rectifier, from which the rectifier receives absorption liquid from the absorber. The rectifier is connected to an adjacent vessel by a conduit from which the vessel receives an overflow of absorption liquid from the outer passage of the rectifier, and such vessel is connected to the generator by a conduit from which the generator receives partly heated solution and condensed water vapor.

A careful analysis of the structure and function of the respective systems defined establishes that the only distinctive feature between them, so far as relates to the issue herein, is that the connection between the lift and absorber, and the connection between the lift and rectifier in appellant's patent are direct connections, whereas the connection between the absorber and lift

in appellee's disclosure is an indirect connection.

The import of appellant's argument is that the terms in the count provide for material limitations which should be construed in their natural meaning to comprise a specific connection between the respective elements involved.

Whether the distinctive feature hereinbefore stated deprives appellee of the right to make the claim in the count of the interference depends upon whether the meaning of the term "connected" is restricted to a specific or direct connection.

The term "connect" is defined in Webster's New International Dictionary, Second Edition, 1939, as follows:

"connect * * * v. Transitive: 1. To join, or fasten together, as by something intervening, whether physically or logically; as, to connect towns by a railroad; to unite or link together, as in an electrical circuit."

The derivative of the term "connect" is defined in the same dictionary as follows:

"connected * * * adj. Joined or linked together."

The above definition of the term "connect" is plain and unambiguous and is identical with the meaning of the term as defined in other authoritative sources. See Funk & Wagnalls New Standard Dictionary.

It is clear that the accepted definition of the term "connected" is restricted to neither a direct nor an indirect connection, and the term is therefore applicable to an indirect connection as claimed by appellee.

If there were any further doubt as to the meaning of the term as it is used in the count, its meaning is positively established by the interpretation of the term as defined herein by appellant himself.

Confronted in the prosecution of his application before the Primary Examiner with the rejection of claim 1, the count in issue, appellant elected to proceed to the successful prosecution of the claim upon the ground that the words "being connected" were not restricted in meaning to define either a direct or indirect connection, and that the meaning of such words covered a connection called for in the claim which was effected "either directly or indirectly."

The record discloses a letter of the examiner dated May 20, 1939, addressed to the attorney for appellant, which, so far as pertinent, reads as follows:

"Claim 1 as amended is rejected as misleading. The claim properly suggests that the vapor lift receives liquid from both the rectifier and absorber, from both of which it does receive the liquor directly, but it also suggests that it receives the vapor directly from the generator. It is not considered that, where the connections disclosed on the drawing are all substantially similar, one description may be applied to another. Furthermore, the claim describes the lift as 'being connected'. This description is so incomplete as to be substantially meaningless.

"Claim 8, which replaces claim 2, is substantially free from the errors above alluded to, except that it suggests that the vapor is received directly from the generator by the vapor lift."

In response, the attorney for appellant, under date of November 18, 1939, submitted the following remarks:

"Claim 1, has been amended to set forth that the lift is connected to the said absorber, rectifier, and generator. It is believed that this meets the Examiners objection to the phrase 'being connected'. The word "directly" is not found in this claim. The claim covers vapor for the lift coming from the generator either directly or indirectly. The claim reads on the disclosure which shows vapor flowing to the life via the rectifier. The vapor is 'from the generator'. The gentleman from Chicago is still from Chicago even though his train should stop in Philadelphia before it arrives in Washington. * * *"

Appellant contends herein that the interference issue must be limited to a construction involving a separate and direct connection from the absorber, rectifier and generator to the vapor liquid lift. He urges specifically that appellee's application does not disclose a vapor liquid lift connected to the absorber to receive liquid from the absorber.

The references hereinbefore cited from the file wrapper of appellant's patent disclose appellant prosecuting his rejected claim to an allowance on the ground that the lift is "connected" to the generator, despite the fact that the connection be-

tween the lift and generator in his patent is an indirect connection, and that in passing through the rectifier a change in the quality of the liquid is effected.

An object of the invention is to circulate the liquid in the refrigeration system and the essential feature in effecting this purpose is the return of the liquid to the lift for recirculation. That it is returned to the lift in appellee's disclosure through an indirect connection is immaterial as there is no limitation expressed in the count in issue which calls for a direct connection.

We find that the count in issue contains no express limitation which restricts the units involved in the controversy to a specific or direct connection.

We have examined the respective contentions and citations submitted by appellant and conclude that the decision of the Board of Interference Examiners holding in effect that appellee had the right to make the claim constituting the count of the interference, that the count is supported by appellee's application herein, and awarding priority of invention to appellee, the senior party, was correct.

For the reasons stated, the decision is affirmed.

Affirmed.